IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE I–V, AND JOHN DOE I–IV,<br><br>Plaintiffs,<br><br>v.<br><br>TEXACO, INC., TEXACO PETROLEUM CO., AND CHEVRON CORP.,<br><br>Defendants.<br>_____/ | No. C 06-02820 WHA<br><br>**ORDER DENYING MOTION TO DISMISS** |

**INTRODUCTION**

In this action alleging environmental harm to the Ecuadorian rainforest, this order construes the applicable Ecuador statute of limitations. By prior order dated September 26, 2006, this Court partially deferred ruling on defendants' motion to dismiss pending an evidentiary hearing on the application of the relevant Ecuador law. For the reasons stated below, defendants motion to dismiss is **DENIED**.

**STATEMENT**

In 1971, defendant Texaco Petroleum Co. ("Texpet") began pumping crude oil from beneath the Ecuadorian rainforest. Texpet was a subsidiary of defendant Texaco, Inc. Along with the oil, Texpet extracted water contaminated with heavy-metal salts and petroleum. Under standard industry procedures at the time, this "produced water" should have been reinjected into the well. Texpet, however, put this contaminated water in open pits. The run-off flowed into nearby wetlands and rivers. This practice continued until 1992. By using this practice instead

1  of reinjecting the wastewater, Texpet saved itself $1.4 billion to $5.6 billion (First. Am. Compl.
2  ¶¶ 2, 18, 25, 23-27, 29-33, 47-48, 54).[1]

3  People living in the region where the drilling took place often drank and bathed in the
4  contaminated waters. The contamination contained carcinogens. Ingestion of these chemicals
5  by residents of the area has raised their average risk of cancer to between 12 and 1,000 cancers
6  per million exposures, at least 12 times the accepted risk under U.S. Environmental Protection
7  Agency standards (First Am. Compl. ¶¶ 76-77, 79-80).

8  Jane Doe I, wife of John Doe I, was diagnosed with breast cancer in April 2005. Jane
9  Doe II, wife of John Doe II, was diagnosed with breast cancer in January 2005. Jane Doe III,
10 wife of John Doe III, was diagnosed with uterine cancer in July 2002. Jane Doe IV, wife of
11 John Doe IV, was diagnosed with lymphoma and thyroid cancer in January 2003. Jane Doe V's
12 son was diagnosed with leukemia in October 2002 (First Am. Compl. ¶¶ 8-16, 76-77, 79-80).[2]

13 Plaintiffs allege three tort causes of action: negligence, intentional or reckless infliction
14 of emotional distress, and battery (First. Am. Compl. ¶¶ 97, 99, 101). Defendants move to
15 dismiss plaintiffs' complaint on statute of limitation grounds. By order dated September 26,
16 2006, this Court denied the portion of defendants' motion that was based on the relevant
17 California statute of limitations. The same order also deferred ruling on the portion of the
18 motion based on the Ecuador statute of limitations, pending an evidentiary hearing on the
19 proper interpretation of the relevant Ecuador Civil Code provision. That hearing was held on
20 October 3, 2006.

21 The applicable Ecuadorian statute is Article 2235 of the Ecuador Civil Code, which
22 provides the statute of limitations for intentional and unintentional torts (Wilson Exh. 2).
23 Article 2235 provides:

---

[1] All facts are taken from the complaint. On a motion to dismiss, "allegations of material fact are taken as true and construed in the light most favorable to Plaintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

[2] A different order, dated October 5, 2006, denied plaintiffs' motion to proceed anonymously. Plaintiffs' amended complaint disclosing their identities is due by October 13, 2006.

2

> The causes of action provided for in this chapter for damages or intentional misconduct are time-barred in four years from the date on which the act was perpetrated.

At the hearing, plaintiffs and defendants each presented an attorney from Ecuador as an expert witness on Ecuadorian civil law. Their direct testimony was the declarations previously submitted. Each witness was cross-examined, re-directed, and re-crossed. Plaintiffs' expert, Gerardo Peña Matheus, and defendants' expert, Rodrigo Jijón-Letort, agreed that Article 2235 was the statute of limitations applicable to this case. Peña and Jijón disagreed, however, on the interpretation of the word "perpetrated." According to Jijón, the "perpetration" of an act ends when the act itself is completed, "regardless of the date on which the plaintiffs knew or could have known that they had suffered harm." Jijón testified that "perpetration" does not contemplate delayed harm that occurs long after the conduct itself has been committed (Jijón Decl. at 1). Peña disagreed, and testified that "perpetration" of a tort cannot occur until the harmful result is "discovered and diagnosed" (Peña Decl. at 12).

**ANALYSIS**

Defendants move to dismiss the complaint, alleging that it is time barred under Ecuador law. The Ninth Circuit has held:

> The [statute of limitations] defense may be raised by a motion for dismissal or by summary judgment motion. If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss. If the defense does not appear on the face of the complaint and the trial court is willing to accept matters outside of the pleadings, the defense can still be raised by a motion to dismiss accompanied by affidavits. Rule 12(b)(6) permits the court to consider a motion to dismiss accompanied by affidavits as a motion for summary judgment. If the motion is treated as one for summary judgment, all parties shall be permitted to present all material pertinent to the motion. Fed. R. Civ. P. 56. If the defense is not apparent on the face of the complaint and the motion to dismiss is not accompanied by acceptable affidavits, an appropriate summary judgment motion may be employed.

*Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citations omitted).

When a federal court exercises diversity jurisdiction, it applies the substantive law of the forum state, including its "choice-of-law rules and its statutes of limitation." *Muldoon v. Tropitone Furniture Co.*, 1 F.3d 964, 966 (9th Cir. 1993). The parties agree that California's

3

"borrowing statute" applies in this case. That statute governs foreign plaintiffs suing in California, and provides:

> When a cause of action has arisen in another State, or in a foreign country, and by the laws thereof an action thereon cannot there be maintained against a person by reason of the lapse of time, an action thereon shall not be maintained against him in this State . . . .

Cal. Code of Civ. Proc. 361. The parties also agree that the claims here "arise" out of Ecuador; the plaintiffs are Ecuadorian citizens and residents who were allegedly injured in Ecuador by pollution caused by oil extraction in that country.

Article 2235 of the Ecuador Civil Code imposes a four-year limit that is counted "from the date on which the act was perpetrated." This means that the wrongful act must be fully completed and have already produced its negative effect. If acts preparatory to committing an intentional or unintentional tort have not harmed anyone, they do not yet give rise to compensation. Significantly, this much both sides' witnesses agreed on at the evidentiary hearing.

In the context of our case, therefore, the limitations period did not begin to run, as to any individual plaintiff, until the pollution actually produced cancer in that individual. As soon as it did produce cancer in an individual, whether detected or not, then the four-year period began to run. Although plaintiffs have the burden to prove they have cancer and why, defendants have the burden, as the proponent of the affirmative defense, to prove the onset of cancer was before April 25, 2002, *i.e.*, more than four years prior to commencement of this action.

Although plaintiff argues that the period should be counted from the date of discovery, *i.e.*, diagnosis, that view is not supported by the submissions and testimony. The main reason is the wording of the statute — it focuses on perpetration of the act, not on discovery of the perpetration of the act. Other statute of limitations provisions in Ecuador have a discovery rule. Section 2235 does not.

It is true that Ecuador adopted Article 2235 in 1860 from the code used in Chile and that in recent years Chile has interpreted its statutes to run from the date of pollution, not from the onset of cancer in the pollution victim. Pro-business policy considerations motivated the Chile interpretation. Those policy considerations are rational. The basic question is an ageless

4

debate. Chile has in recent years taken its view. But that view was not extant in 1860 when Ecuador borrowed the same words. The canons of construction in Ecuador for construing Article 2235, much cited at the hearing, do not include consulting the law in Chile. Ecuador instead has gone its own way. At the hearing, both sides agreed with the formulation of Professor Juan Larrea Holguín of Ecuador, who construed Article 2235 to run only after the wrongful act is fully completed and has already produced its negative effect. The agreed-on paragraph regarding Article 2235 from Professor Holguín's treatise stated:

> That time must be counted "from the perpetration of the act." This means that the wrongful act must be fully completed and have already produced its negative effect, because if acts preparatory to committing an intentional or unintentional tort have not harmed anyone, they do not give rise to compensation even though they may be subject to criminal penalties.

(Sept. 7 Jijón Decl. at 6 (quoting Larrea, *Civil Law of Ecuador*, Volume XV, at 247-48)).

It shall be for the jury herein to determine when, if at all, defendants' conduct produced its "negative effect" on plaintiffs. That is, as to each plaintiff, the jury must determine wheher the onset of cancer occurred prior to April 25, 2002. If the jury finds that cancer developed in a particular plaintiff before April 25, 2002, that plaintiff would be time-barred under Article 2235. If cancer developed after that date, the plaintiff's claim would not be barred. The burden of proof shall be on defendants to prove that the onset of cancer predated April 25, 2002.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss, construed as a motion for summary judgement, is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 11, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5