| | |
|---|---|
| Robert A. Mittelstaedt # 60359<br>Thomas A. Rector #199175<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 626-3939<br>Facsimile: (415) 875-5700<br>email: ramittelstaedt@jonesday.com<br>email: tarector@jonesday.com | TERRY COLLINGSWORTH (admitted *pro hac vice*)<br>NATACHA THYS (admitted *pro hac vice*)<br>DEREK J. BAXTER (admitted *pro hac vice*)<br>INTERNATIONAL LABOR RIGHTS FUND<br>2001 S Street, NW Suite 420<br>Washington, D.C. 20007<br>Tel: (202) 347-4100 / Fax: (202) 347-4885<br>Email: terry.collingsworth@ilrf.org<br>Email: natacha.thys@ilrf.org<br>Email: derek.baxter@ilrf.org |
| Deborah Scott #800300<br>6001 Bollinger Canyon Rd., Room C2192<br>San Ramon, CA 94583<br>deborah.scott@chevron.com<br>Telephone: (925) 842-3413<br>Facsimile: (925) 842-4562 | PAUL L. HOFFMAN (Cal S.B. # 71244)<br>SCHONBRUN, DeSIMONE, SEPLOW,<br>HARRIS & HOFFMAN, L.L.P.<br>723 Ocean Front Walk<br>Venice, California 90291<br>Tel: (310) 396-0731 / Fax: (310) 399-7040<br>Email: hoffpaul@aol.com |
| Attorneys for Defendants Texaco, Inc.,<br>Texaco Petroleum Company, Inc. and<br>Chevron Corporation | LAW OFFICES OF CRISTÓBAL BONIFAZ<br>Cristóbal Bonifaz, Esq. (admitted *pro hac vice*)<br>John C. Bonifaz, Esq. (admitted *pro hac vice*)<br>180 Maple Street<br>P.O. Box 180<br>Conway, MA 01341<br>Tel: (413) 369-4263 / Fax: (413) 369-0076<br>Email: cbonifaz@comcast.net |
| | Attorneys for Plaintiffs Gonzales, *et al.* |

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LUISA GONZALES, et al.,<br><br>            Plaintiffs,<br><br>   v.<br><br>TEXACO, INC., et al.,<br><br>            Defendants. | CASE NO. C 06-02820 WHA<br><br>~~[PROPOSED]~~ ORDER REGARDING DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION |

Pursuant to paragraph 26 of the Court's Supplement Order to the Case Management Order, on January 16, 2007, defendants filed requests for discovery relief regarding plaintiffs' responses to defendants' interrogatories and document requests. Plaintiffs responded on January 19. Hearing was held on January 23 at 9:00 a.m., Derek Baxter appearing for plaintiffs and Robert Mittelstaedt and Thomas Rector appearing for defendants. Having considered the papers and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Plaintiffs Vilma Jacqueline Moreno Chuquiom (a/k/a Vilma Moreno) and Tobias Alberto Canache did not respond to defendants' discovery and are no longer cooperating with plaintiffs' counsel in prosecuting this action. The claims of Ms. Chuquiom and Mr. Canache are dismissed with prejudice.

2. Plaintiff Gloria Chamba has not responded to defendants' discovery. On pain of possible dismissal, by February 20, 2007, Ms. Chamba shall provide discovery responses, including sworn interrogatory answers, that are consistent with the remainder of this Order.

3. By February 27, 2007, all plaintiffs other than Ms. Chamba shall provide sworn supplemental responses to defendants' discovery as follows:

    a. In response to Interrogatory 2, for each location plaintiffs have lived for the last 20 years, plaintiffs shall provide the city, street, address (if known) and time period at which they lived at each location. Prior to that time period, plaintiffs shall provide the name of the location and approximate years lived there for each location they lived at.

    b. In response to Interrogatory 3, plaintiffs shall identify their employers, approximate dates of employment, location of their jobs and job titles.

    c. In response to Interrogatory 4, plaintiffs shall identify their parents, grandparents and siblings and state whether any of them has died from cancer. Plaintiffs will also identify any other relative who has died from cancer.

    d. In response to Interrogatory 5, plaintiffs and their counsel shall list all persons in the Oriente they know or believe to have contracted any form of cancer,

1  the type of cancer and each person's location, if known. Counsel will provide
2  information known as to the cause of the cancer.
3      e.    In response to Interrogatory 6, plaintiffs shall state when they contend they
4  first suffered any injury as a result of contamination, when they first noticed the
5  symptoms and what they were, whether they were diagnosed and who made the
6  diagnosis.
7      f.    In response to Interrogatory 7, counsel shall provide a detailed statement of
8  what plaintiffs contend defendants did, when they did it and how that caused
9  plaintiffs' cancer as alleged including the identity the specific carcinogenic toxins
10 that are in the materials allegedly discharged, the location at which each toxin was
11 present, how such exposure would induce cancer and how they were likely
12 exposed.
13     g.    In response to Interrogatory 8, plaintiffs shall state when and how they
14 learned that defendants caused their cancer.
15     h.    In response to Interrogatory 9, counsel shall respond as to who are the
16 individuals who can support the allegations.
17     i.    In response to Interrogatory 10, plaintiffs shall for the last 20 years list
18 each doctor visited, contact information (if known), clinic, approximate dates of
19 consultation and what they think the consultation was for.
20     j.    In response to Interrogatory 11, plaintiffs shall state whether they have
21 incurred any expenses getting medical treatment in connection with their illness
22 and, if so, state the amount and produce any backup documents.

      k.     In response to Document Requests 6 and 20 through 24, counsel shall comply with paragraphs 13 and 14 of the Court's Supplement Order to the Case Management Order detailing their efforts to locate documents responsive to those requests.

Dated: January 31, 2007

By: _____
Honorable William H. Alsup
United States District Court Judge