United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUISA GONZALEZ, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TEXACO, INC., TEXACO PETROLEUM COMPANY, INC., CHEVRON CORPORATION,<br><br>Defendants.<br>_____ / | No. C 06-02820 WHA<br><br>**ORDER DENYING REQUEST TO EXPEDITE DISCLOSURE OF EXPERT WITNESSES AND SET EVIDENTIARY HEARING ON ISSUE OF GENERAL CAUSATION** |

**INTRODUCTION**

In this tort action arising out of the dumping of toxic oil-production byproducts in the Ecuadorian rain forest, defendants move to expedite disclosure of expert witnesses and to set an evidentiary hearing on the issue of general causation. For the reasons stated below, the request is **DENIED**.

**STATEMENT**

To briefly summarize the allegations, plaintiffs in this action lived in the Ecuadorian rain forest. Between 1971 and 1992, defendants, some of the world's largest oil producers, pumped crude oil from beneath the Ecuadorian rain forest. Defendants allegedly contaminated the waters around plaintiffs' homes. In that region of Ecuador, because of a lack of other water supplies, people often drank and bathed in the contaminated waters. Plaintiffs allege that defendants' activities exposed them to toxins that caused them cancer. This action alleges

1  various tort claims against defendants, including negligence, intentional or reckless infliction of
2  emotional distress, and battery.

3  After two rounds of motions to dismiss were ruled on, a case management conference
4  was held on October 4, 2006, and case management scheduling order issued the following day.
5  Prior to the case management conference, defendants filed a case management statement
6  requesting phased discovery on the issue of individual causation, *i.e.*, proof that plaintiffs'
7  cancer was caused by the alleged exposure to defendants' products. After discussion on the
8  issue at the case management conference, the Court ruled that discovery would not be
9  bifurcated. Among other reasons, the Court informed counsel its view that phased discovery
10 would lead to increased costs based on an increased potential for discovery disputes. The Court
11 expressly left open the possibility of a bifurcated trial, but denied defendants' request for
12 phased discovery (Def. Exh. A at 15–17).

13 Under the case management order currently governing this case, the non-expert
14 discovery cut-off is August 31, 2007. The last day to designate expert testimony and disclose
15 full expert reports under Federal Rule of Civil Procedure 26(a)(2) is also August 31.

**ANALYSIS**

17 Defendants contend and plaintiffs do not dispute the general principle that general
18 causation is an essential element in toxic tort cases. "Causation in toxic tort cases is typically
19 discussed in terms of generic and specific causation. General, or 'generic' causation has been
20 defined by courts to mean whether the substance at issue had the capacity to cause the harm
21 alleged, while 'individual causation' refers to whether a particular individual suffers from a
22 particular ailment as a result of exposure to a substance." *In re Hanford Nuclear Reservation*
23 *Litig.*, 292 F.3d 1124, 1133 (9th Cir. 2002) (internal citations omitted). Defendants assert that
24 expedited resolution of the issue of general causation is "appropriate and necessary," because
25 the issue is case-dispositive (Br. 3–4). They contend that the sufficiency of plaintiffs' evidence
26 on general causation should be examined now, before other resources are expended litigating
27 other claims by plaintiffs. To that end, defendants request that the date to disclose expert
28 witnesses on general causation be March 12, discovery on general causation be concluded by

April 30, and a hearing on defendants' *Daubert* and summary judgment motions on general causation be set for June 1.

Defendants have not demonstrated sufficient justification for their request. The Court construes the instant motion as a variation on defendants' previous request for phased discovery. The Court has not changed its view that setting an earlier deadline, even on one issue, will likely result in *increased* costs for all involved. Defendants *may* be right that following a *Daubert* hearing and summary judgment motions on the issue of general causation much of plaintiffs' case *might* fall away. But that is only speculation. In the Court's view the better approach is to wait until discovery closes. Expedited discovery on one issue, along with the time and expense put into preparing for other hearings — which may or may not be successful — could realistically result in delays on other discovery if defendants are unsuccessful.

Under the case management order, defendants will have plaintiffs' expert reports for any issues on which plaintiffs have the burden of proof — including the issue of general causation — within six months. Defendants will have their opportunity to be heard on these issues before long.

Defendants' citation to a recent California decision is interesting but unpersuasive. In that decision the plaintiffs had claimed that their cancers had been "caused by one or more chemicals emitted from the Oil and Gas Well sites on or near the Beverly Hills High School campus" (Rector Decl. Exh. 1 at 1). Los Angeles Superior Court Judge Wendell Mortimer, Jr. held that plaintiffs' experts had not established that "benzene causes any of the diseases involved in this case." Judge Mortimer, granting summary judgment for the defendants, described the experts' opinions as "without support and speculative" (*id.* at 10).

While the Beverly Hills High School decision granted summary judgment based on a lack of general and specific causation, there was no expedited discovery or premature hearing before that court. From what defendants have provided, that decision was rendered only a month before the trial date, likely after all discovery had been completed. Thus, the Beverly Hills High School decision is only relevant for the proposition that general causation is an

1  important element for plaintiffs to prove. For case management purposes, at this point it is
2  preferable to allow fact and expert discovery to proceed on all issues. In this case, whatever
3  challenge defendants have to plaintiffs claims may be brought once the parties have conducted
4  discovery in accordance with the case management schedule already in place.

5  Following oral argument on this motion, plaintiffs submitted a declaration by their
6  causation expert, Edward Calabrese, explaining why he would be unable to complete an expert
7  report prior to August 31. The Court understands that Mr. Calabrese has a busy schedule that is
8  likely to keep him occupied for the remainder of the academic semester. For those reasons, it
9  would be burdensome on Mr. Calabrese to accelerate the deadline for his expert report. The
10 Court reiterates, however, as it did on the record, that Mr. Calabrese's busy schedule will *not* be
11 accepted as a justification for extending the August 31 deadline for his expert report. That date
12 remains firm. Even considering Mr. Calabrese's calendar, six months will be more than enough
13 time for him to dedicate the "approximately 100" hours it will take to complete his report
14 (Calabrese Decl. ¶ 5).

### CONCLUSION

16 For the foregoing reasons, defendants' request to expedite disclosure of expert witnesses
17 and set an evidentiary hearing on the issue of general causation is **DENIED**.

19 **IT IS SO ORDERED.**

21 Dated: February 28, 2007.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4