**United States District Court**
For the Northern District of California

1
2
3
4
5
6           IN THE UNITED STATES DISTRICT COURT

7           FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10
11  LUISA GONZALEZ, et al.,
                                              No. C 06-02820 WHA
12              Plaintiffs,

13      v.
                                              **ORDER COMPELLING**
14  TEXACO, INC., TEXACO                       **PRODUCTION OF**
    PETROLEUM COMPANY, INC.,                   **"INTAKE FORMS"**
15  CHEVRON CORPORATION,

16              Defendants.
                                    /
17

18          Before this action was commenced, four plaintiffs filled out "intake forms," which were

19  provided to plaintiffs' counsel. These were one-page forms in Spanish with blanks to indicate

20  the name, age, place of birth, family status, and to answer questions about the alleged

21  contamination and cancer. This occurred in February and March 2006. This action was then

22  commenced on April 25, 2006.

23          Defendants served document requests on October 3, 2006. The response was due

24  November 17. Several reasonable requests covered the intake forms. Plaintiffs' counsel did not

25  timely respond. No extensions were granted. Finally, plaintiffs' counsel responded on

26  December 2, 2006. The record omits a copy of whatever response was served on December 2.

27  The December 2 response, however, provoked an inquiry from defendants concerning its

28  adequacy. By letter dated December 27, plaintiffs' counsel stated that they were not

**United States District Court**

For the Northern District of California

1   withholding any documents on the basis of privilege other than a few items not at issue.

2   On February 27, 2007, a privilege log was provided.  The log identified "intake forms" and

3   asserted attorney-client and work-product privileges as to the intake forms.  This log was tardy.

4   It was the first time that any privilege was asserted as to the forms.

5           The issue is whether the foregoing sequence constituted a waiver of the privilege

6   asserted.  On this issue, the Ninth Circuit has held:

7               We hold that boilerplate objections or blanket refusals inserted
                into a response to a Rule 34 request for production of documents
8               are insufficient to assert a privilege.  However, we also reject a
                *per se* waiver rule that deems a privilege waived if a privilege log
9               is not produced within Rule 34's 30-day time limit.  Instead, using
                the 30-day period as a default guideline, a district court should
10              make a case-by-case determination, taking into account the
                following factors:  the degree to which the objection or assertion
11              of privilege enables the litigant seeking discovery and the court to
                evaluate whether each of the withheld documents is privileged
12              (where providing particulars typically contained in a privilege log
                is presumptively sufficient and boilerplate objections are
13              presumptively insufficient); the timeliness of the objection and
                accompanying information about the withheld documents
14              (where service within 30 days, as a default guideline, is
                sufficient); the magnitude of the document production; and other
15              particular circumstances of the litigation that make responding to
                discovery unusually easy (such as, here, the fact that many of the
16              same documents were the subject of discovery in an earlier
                action) or unusually hard.  These factors should be applied in the
17              context of a holistic reasonableness analysis, intended to forestall
                needless waste of time and resources, as well as tactical
18              manipulation of the rules and the discovery process.  They should
                not be applied as a mechanistic determination of whether the
19              information is provided in a particular format.  Finally, the
                application of these factors shall be subject to any applicable local
20              rules, agreements or stipulations among the litigants, and
                discovery or protective orders (footnote omitted).

21
    *Burlington N.  & Santa Fe Ry. v. Dist. Court of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).
22
    These factors are now applied to our record.
23
            *First*, there was a delay of over twelve weeks in supplying the privilege log and
24
    specifically identifying the withheld intake forms.  The privilege log was itself not wholly
25
    adequate. But the greater criticism must be its delay. *See* Paragraph 17 of the Supplemental
26
    Order to Order Setting Initial Case Management Conference filed April 25, 2006.  The log
27
    should have been supplied on November 17 but was instead supplied on February 27.
28
    No plausible excuse for the delay has been supplied.

2

United States District Court

For the Northern District of California

1    *Second*, while *other* documents were produced by plaintiffs and, thus, there was an

2    element of good faith as to other documents, the lengthy delay before plaintiffs' counsel came

3    clean and admitted the existence of the intake forms was far removed from the larger production.

4

5    *Third*, the dishonorable circumstances surrounding the withholding of the intake forms

6    are troubling, namely, the false statements and lame excuses used to stonewall the issue.  In the

7    latter regard, in excusing the late response, plaintiffs' counsel (in a letter dated December 27)

8    first blamed the Court for somehow not emailing the answer to the complaint to various counsel

9    on plaintiffs' team.  The Court, however, had no responsibility to email the answer to anyone,

10   much less to plaintiffs.  The reason that only one counsel received the answer (rather than the

11   whole team) was that the non-recipients had utterly failed to register for service in this district's

12   e-filing system in violation of their duty as counsel of record.  Defendants had served the answer

13   on the one plaintiff lawyer who had registered.  Plaintiffs' counsel have no one to blame but

14   themselves for this snafu.  If some of the team did not receive e-filings, it was their own fault.

15   Most significantly, however, the answer to the complaint had *nothing* to do with the duty to

16   respond to the discovery — *nothing at all*.  It was a complete canard to raise this lame excuse.

17   And, it is further disturbing that plaintiffs' counsel flat-out represented that "neither

18   plaintiffs or counsel [have] claimed any privilege" except for certain documents concededly not

19   at issue.  Almost two months later, however, plaintiffs' counsel reversed field and conceded that

20   they had indeed been withholding "intake forms" and asserted the privileges stated above.  As if

21   to excuse this obvious problem, counsel further stated (in a letter dated March 7) that "[t]he

22   privilege log submitted refers largely to recent documents developed since plaintiffs'

23   December 27th letter."  This was untrue.  The intake forms were prepared *prior* to the lawsuit

24   itself — almost a year before the December 27 letter.  Plaintiffs' counsel have not been

25   honorable in this scenario.

26   Taking into account all of the *Burlington* factors, this order holds that it would be just

27   and proper to enforce a waiver due to the untimely assertion of any privilege.  This is wholly

28   sufficient and dispositive.

3

**United States District Court**

For the Northern District of California

1   More than this, the Court states that it has reviewed the forms and the answers *in camera*.

2   In its judgment, concealing the admissions made as to the limitations issue, however, would be

3   unjust.  This reinforces the Court's view that a waiver should be enforced.

4   Within **SEVEN CALENDAR DAYS**, plaintiffs must provide copies of the intake forms

5   to defendants.  (Do *not* rely on the Court to supply the production; counsel must do so.)

6   If, however, a petition for writ of mandamus is filed within that time, the Court will stay the

7   effectiveness of this action.  A mere notice of an intention to file such a petition will not stay the

8   effectiveness of this order.

9

10   **IT IS SO ORDERED.**

11

12   Dated:  May 4, 2007.

WILLIAM ALSUP
13                                                                UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4