IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUISA GONZALEZ, et al.,

    Plaintiffs,

    v.

TEXACO, INC., TEXACO PETROLEUM COMPANY, INC., CHEVRON CORPORATION,

    Defendants.

No. C 06-02820 WHA

**ORDER RE LETTER DATED MAY 18, 2007**

    Contrary to the Jones Day letter dated May 18, 2007, no proof has been submitted establishing an "agreement." All that has been supplied is an offer by plaintiffs in 2006. The defense did not accept the offer and, instead, had a counter proposal, at least according to the materials submitted. It is unfair to try to hold the other side to its offer unless it is actually accepted. Defendant appears to be trying to have it both ways, seeking the benefit of selected parts of plaintiffs' proposal without accepting all of it. So the motion is **DENIED**.

    Nonetheless, this observation may be in order. If it is true, as alleged, that plaintiffs disclosed over 1000 potential witnesses in their initial disclosures, then plaintiffs may have, in effect, made no proper disclosure at all and may face preclusion under Rule 37(c). Counsel should not hide the genuine witnesses among a welter of non-genuine names. If any such 1000+ witness disclosure was in fact made, plaintiffs would be advised to cure the problem as soon as possible to the extent a cure is possible at this hour in the case.

Note as well that Rule 26(a)(3) calls for certain pretrial disclosures but such disclosures are usually thirty days before trial. Although this date can be advanced by the Court, a deadline of six months before trial is too soon. Rather, the problem raised by the letter concerns initial disclosures under Rule 26(a)(1). If initial disclosures have not been properly provided, the remedy may be a preclusion order under Rule 37(c). Such a motion must be brought as a motion *in limine*, with a normal record to support the motion, and is usually heard at the final pretrial conference. It is not a discovery dispute and will not be addressed further through an exchange of letters.

**IT IS SO ORDERED.**

Dated:  May 21, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE