United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUISA GONZALEZ, et al.,

Plaintiffs,

v.

TEXACO, INC., TEXACO PETROLEUM COMPANY, INC., CHEVRON CORPORATION,

Defendants.
_______________________________________/

No. C 06-02820 WHA

**ORDER GRANTING MOTIONS FOR SUMMARY JUDGMENT AND TERMINATING SANCTIONS**

## INTRODUCTION

This is a tort action arising out of the alleged dumping of toxic oil-production byproducts in the Ecuadorian rain forest. Plaintiffs allege that defendants' toxic byproducts caused cancer in themselves and their family members. Defendants move for terminating sanctions and summary judgment against two plaintiffs, who never actually had the cancer that they alleged existed. For the below-stated reasons, defendants' motions are **GRANTED**.

## STATEMENT

The seven plaintiffs in this action lived in the Ecuadorian rain forest. Between 1971 and 1992, defendants, some of the world's largest oil producers, pumped crude oil from beneath the Ecuadorian rain forest. Defendants allegedly contaminated the waters around plaintiffs' homes. In that region of Ecuador, because of a lack of other water supplies, people often drank and bathed in the contaminated waters.

Litigation regarding defendants' alleged conduct has been ongoing for well over a decade. In 1993, a group of Ecuadorians, purporting to represent a plaintiff class, sued Texaco in the United States District Court for the Southern District of New York. That action was dismissed on *forum non conveniens* grounds, on the condition that Texaco agree to litigate the issues in Ecuador. *See generally Aguinda v. Texaco, Inc.*, 303 F.3d 470, 473 (2d Cir. 2002).

In 2003, a group of Ecuadorians brought a lawsuit in Ecuador seeking injunctive relief that would include a clean up of the polluted areas and payment for 10 percent of the total repair work (Compl., Aguinda v. ChevronTexaco Corp., Super. Ct. of Nueva Loja, Lago Agrio, Province of Sucumbios, Ecuador; May 7, 2003).

In 2004, ChevronTexaco Corp. and Texaco commenced an arbitration proceeding against Petroecuador, claiming a right to indemnification for their costs and expenses in connection with the litigation brought in Ecuador. The Republic of Ecuador and Petroecuador sued to stay the arbitration. *See generally Republic of Ecuador v. ChevronTexaco Corp.*, 376 F. Supp.2d 334 (S.D.N.Y. 2005). That action is still pending. Civil Docket Sheet, *Republic of Ecuador v. ChevronTexaco Corp.*, No. Civil 04-8378 LBS.

Plaintiffs in this action allege that defendants' activities exposed them and their families to toxins that caused them cancer. This action sets forth various tort claims against defendants, including negligence, intentional or reckless infliction of emotional distress, and battery.

The claims of two specific plaintiffs, Gloria Chamba and Luisa Gonzales, are at issue in the instant motions. In the complaint, Chamba alleged that she suffers from emotional distress due to her son's leukemia, allegedly caused by defendants' conduct (2d Am. Compl. ¶ 12). At her deposition, however, she admitted that her son does not have and has never had leukemia. Chamba herself has suffered no physical injury. The relevant deposition testimony is as follows (Rector Decl. (Chamba) Exh. 1 at 23–24, 100–01):

> Q: In October 2002 did any of the doctors tell you that your son had been diagnosed with leukemia?
>
> A: No.

Q: Has any doctor ever told you that your son has been diagnosed with leukemia?

A: Absolutely not.

* * *

Q: Paragraph 12 of the complaint says that "In October 2002 Jane Gloria Chamba's son who was seven years old was diagnosed with leukemia." Did you know that (indicating)? . . .

[A:] No.

Q: That's false, isn't it?

A: Yes, it's false.

Q: Your son was not diagnosed with leukemia in October 2002, was he?

A: No.

Q: And your son has never been diagnosed with any type of cancer, has he?

A: No.

Q: So when the complaint says that "Gloria Chamba's son contracted cancer because of his exposure to those toxins," that's false, isn't it?

A: Yes.

Q: And when the complaint says that "Gloria Chamba provides care to her son as he slowly deteriorates from his cancer," that's false, isn't it?

A: Yes.

* * *

Q: Did you ever authorize your lawyers to sue Texaco, claiming that your son has leukemia?

A: No.

Q: Did your lawyers ever tell you that they were going to sue Texaco, claiming that your son was diagnosed with leukemia?

A: No.



United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

> Q: Did Ms. Teresa [plaintiffs' paralegal] ever ask you whether your son had been diagnosed with leukemia?
>
> A: No.
>
> Q: Did Ms. Teresa ever ask you whether your son had been diagnosed with any cancer?
>
> A: No.

A similar problem has arisen with respect to Gonzales. She alleged in the complaint that she had been diagnosed with breast cancer allegedly caused by exposure to defendants' toxins. Additionally, her husband Nixon Rodriguez Crespo filed derivative claims based on his wife's loss of consortium. In Gonzales's deposition, however, she admitted that she has never been diagnosed with breast cancer (2d Am. Compl. ¶ 8; Rector Decl. (Gonzales) Exh. 3 at 38–40, 213):[1]

> Q: At the time you filed the complaint against Texaco in April 2006, did you know that you had not been diagnosed with breast cancer?
>
> A: Yes.
>
> Q: You knew that it was false that you claimed to have breast cancer; right?
>
> A: Yes.
>
> * * *
>
> Q: And so you made up a false claim about having breast cancer, didn't you?
>
> A: At that time, yes.
>
> * * *
>
> Q: Did you think it would help your case if you sued, claiming to have breast cancer, when you had not been diagnosed yet?
>
> A: Yes.
>
> Q: Is that why you did it?

---

[1] Following her deposition, medical tests revealed what plaintiffs' counsel describe (without any evidentiary support) as "an ovarian abnormality which may be cancerous in nature" (Gonzales Opp. 2).

United States District Court
For the Northern District of California

A: Yes.

* * *

Q: Were you hoping that Texaco would pay you if you claimed to have cancer?

A: Yes.

**ANALYSIS**

Defendants now move for terminating sanctions, or alternatively, for summary judgment against Chamba and Gonzales.

**1. PLAINTIFF GLORIA CHAMBA.**

With respect to Chamba's claims, counsel's one-paragraph "response" to the instant motion is not an opposition. Counsel simply states that Chamba "filed this action on the belief that the health of her family had been adversely impacted by the conduct of defendants" but that she "lacks any evidence with which to refute Defendants' Motion for Summary Judgment" (Chamba Opp. 1).

Both of defendants' proposed grounds for relief must be granted as to plaintiff Chamba. Dismissal of Chamba's claims is appropriate here. "[O]utright dismissal of a lawsuit, . . . is a particularly severe sanction, yet is within the court's discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *see also Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006) ("Dismissal is an available sanction when a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings because courts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice.") (quotations omitted). Moreover, there is no triable issue of fact with respect to any of Chamba's claims in this matter. Accordingly, defendants are entitled to summary judgment as to Chamba's claims pursuant to Federal Rule of Civil Procedure 56. Plaintiff Chamba's claims are dismissed with prejudice.

United States District Court
For the Northern District of California

**2. PLAINTIFF LUISA GONZALES.**

In "opposition" to the motion against Gonzales, counsel moved for dismissal of her claims pursuant to Federal Rule of Civil Procedure 41(a)(2). Counsel also stated that Chamba recently learned of an ovarian abnormality which "may be cancerous in nature." Counsel requests that, in the alternative to dismissal, Gonzales be allowed to amend her claim to include the newly-discovered condition (Gonzales Opp. 1–2).

As with Chamba, summary judgment and terminating sanctions are appropriate on the claims Gonzales asserted in the complaint. It is uncontroverted that she alleged that she had breast cancer when she knew that she did not. There are therefore no triable issues of fact as to Gonzales's claims against defendants. Moreover, she engaged in "deliberately in deceptive practices that [have] undermine[d] the integrity of judicial proceedings." *Leon*, 464 F.3d at 958. Outright dismissal is appropriate. At this advanced stage in the proceedings, the Court also finds no good cause to grant plaintiff voluntary dismissal without prejudice or leave to amend. Plaintiff Gonzales's claims, and those of her husband and co-plaintiff Rodriguez Crespo, are dismissed with prejudice.

* * *

This is not the first evidence of possible misconduct by plaintiffs' counsel in this case. It is clear to the Court that this case was manufactured by plaintiffs' counsel for reasons *other* than to seek a recovery on these plaintiffs' behalf. This litigation is likely a smaller piece of some larger scheme against defendants. During a discovery dispute, defendants brought to the Court's attention a January 2006 letter written by plaintiffs' counsel Cristobal Bonifaz to an acquaintance in Ecuador. The letter states, in relevant part (Rector Decl. (Gonzales) Exh. 1):

> What I need is the following:
>
> (1) Three or four people who have resided close to the lakes of petroleum left by Texaco and who have discovered in the last four years that they have some form of cancer.
>
> (2) If it is possible also a simple letter from Dr. Ribadeneira or from any medic who has examined these persons that says that in his opinion there is at least a 51% probability that

United States District Court
For the Northern District of California

> the cancer was caused by the fact that these people have been exposed to the petroleum contamination in the Amazon.
>
> (3) Letters or some type of simple document by which these persons give you authorization to seek a remedy in court to compensate them.
>
> * * *
>
> It is possible that with this last action in court that I am planning we will give Chevron "la copa de gracia"[2]

## CONCLUSION

For the above-stated reasons, as to plaintiffs Chamba, Gonzales, and Crespo, this action is **DISMISSED WITH PREJUDICE** in favor of defendants. Whether a monetary sanction should be imposed will be reserved.

**IT IS SO ORDERED.**

Dated: August 3, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

[2] The translation of the letter provided states that "la copa de gracia" is literally "cup of grace." The non-literal use in this instance was translated to mean "we'll finally stick it to Chevron."