United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUISA GONZALES, et al., | No. C 06-02820 WHA |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTIONS FOR LEAVE TO FILE MOTIONS FOR RECONSIDERATION OF ORDER ISSUING SANCTIONS AGAINST ATTORNEYS HOFFMAN AND COLLINGSWORTH** |
| TEXACO, INC., TEXACO PETROLEUM COMPANY, INC., and CHEVRON CORPORATION, | |
| Defendants. | |

## INTRODUCTION

Attorneys Paul Hoffman and Terry Collingsworth move for permission to file motions for reconsideration of the October 16 order issuing sanctions against them. The Court requested a response from defense counsel to the motion for leave to file a motion to reconsider. Because Attorneys Hoffman and Collingsworth fail to raise any new issues and to justify why such material was not raised before, their motions are **DENIED**.

## ANALYSIS

Motions for reconsideration are decided within the discretion of the district court. According to Civil Local Rule 7-9(c), "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Attorneys Hoffman and Collingsworth attempt to reargue issues that have already been addressed, thereby defeating any grounds for their request to file a motion for reconsideration.

**A. ATTORNEYS HOFFMAN AND COLLINGSWORTH RAISE NO NEW ISSUES.**

Attorney Hoffman cannot claim that he was not put on notice to present evidence justifying relief from a sanctioning order. On September 10, 2007, the Court issued an order *specifically* offering the sanctioned attorneys the opportunity to explain why they should not be sanctioned (Doc. 252) (emphasis added):

> Pursuant to FRCP11(c)(1)(B), Cristobal Bonifaz and all plaintiffs' counsel and their law firms (*namely, Paul L. Hoffman and Terry Collingsworth*) who signed any complaint or amended complaint herein are ordered to show cause why each counsel should not be sanctioned for the conduct set forth in defendants' pending FRCP 11 motion, including without limitation the claims that plaintiffs Gloria Chamba, Luisa Gonzales, and Nixon Rodriguez had cancer caused by defendants when said plaintiffs did not have cancer and said plaintiffs had not authorized counsel to sue. Said plaintiffs' counsel shall also respond to the alternate ground of sanction based on the inherent power of the Court.

Following the September 25 hearing on the order to show cause, which only Attorney Collingsworth attended, the Court allowed counsel to submit further material. Even though counsel only requested one week, the Court gave him two. Attorney Hoffman did not provide a supplemental declaration. During the entire sanction proceedings, he had ample notice and opportunity to present evidence in his favor, and he cannot claim otherwise.

Attorney Hoffman also argues that the Court applied the wrong standard when it issued sanctions under Rule 11. Court-initiated Rule 11 proceedings, he says, are governed by a standard "akin to contempt," and not by a negligence standard, which was used here. This akin-to-contempt standard requires a showing of bad faith. Attorney Hoffman then claims that there was not a scintilla of evidence showing that he acted in bad faith.

These arguments have been made before. In the response by plaintiffs' counsel to the order to show cause, Attorney Collingsworth argued that the legal standard for a sanction award was bad faith (Doc. 254 at 4). He further alleged that "the actual facts . . . . demonstrate that none of the lawyers for Plaintiffs acted in bad faith . . . . Counsel's lack of bad faith and Defendants' failure to comply with the notice requirements of Rule 11 accordingly bar an award of monetary sanctions under Rule 11, as well as sanctions under this Court's inherent powers" (Doc. 254 at 2, 4–9). In Attorney Hoffman's declaration regarding the order to show cause,

he stated, "From everything I was told and knew there was a good faith basis to bring all of these claims" (Doc. 258 at ¶ 5). The phrase, "From everything I was told and knew," begs the important question what he did know and what he did in response to the warning flags known to counsel. The bad-faith argument has been repeated in opposition to the October 16 order and can serve no basis for granting leave to file a motion for reconsideration.

Attorney Hoffman then argues that, even under the standard employed by the Court, his actions were "reasonable given the content of the assurances and the fact that those making the assurances were experienced, capable lawyers with enormous experience in complex international litigation" (Br. 13). This issue has also been litigated and re-litigated — and it goes directly to the heart of the October 16 order. The order had stated that improper filings included those that were "both baseless and made without a reasonable and competent inquiry." *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). The order expressly held (at 16):

> [W]hen this action was commenced, counsel knew or should have known (i) that the claims made by plaintiffs Chamba, Gonzales, and Rodriguez were baseless, (ii) that their pre-suit inquiry was neither reasonable nor competent, (iii) that counsel failed to follow up on pre-suit warning flags that spelled trouble, and (iv) that none of the three plaintiffs gave consent to file suit in the United States, much less informed consent.

With respect to Attorney Hoffman, the October 16 order stated (at 19):

> Attorney Hoffman claims to have been only "local counsel." His letter dated December 27, 2006, regarding discovery, criticized in the May 2007 order, is proof that Attorney Hoffman has been more than a mail drop and has had an active and substantive role in this civil action. At all events, there is no exception in Rule 11 for local counsel. When he signed the complaint, Attorney Hoffman was under a Rule 11 obligations, as were Attorneys Bonifaz and Collingsworth. No doubt, he trusted his friend (Attorney Collingsworth) to have done the homework for both of them before he signed the pleading. A few questions by Attorney Hoffman would have easily laid bare the incompetence and unreasonableness of the pre-suit inquiry. Asking "How do we know they have cancer" and "Do we have their medical records" would have likely done it. This order recognizes that the duty of inquiry may vary according to one's role in the case. But one who *signs* a complaint and launches litigation must honor Rule 11, which was not met in this instance.

Counsel cannot hide behind the vague assurances of co-counsel and claim that his actions were reasonable. The order also noted that "the signing attorney cannot leave it to . . . one of his partners to satisfy himself that the filed paper is factually and legally responsible; by signing he represents not merely the fact that it is so, but also the fact that he has applied his own judgment." *Pavelic & Leflore v. Marvel Entertainment Group Div. of Cadence*, 493 U.S. 120, 125 (1989) (overruled on other grounds). Attorney Hoffman attempts to reargue that the case was a complex case arising in a foreign country with indigenous clients, forcing him to rely on representations made by co-counsel. This argument does not justify reconsideration of the October 16 order, certainly not in light of the warning flags.

Finally, Attorneys Hoffman and Collingsworth argue that defense counsel failed to abide by the mandatory safe-harbor requirements of Rule 11. This argument is the sole basis of Attorney Collingsworth's motion. According to his moving papers (at 1), there has been "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court" because the Court "has not fully considered the Ninth Circuit's decision in *Radcliffe v. Rainbow Construction*." This order strongly disagrees. The safe-harbor issue has come up numerous times prior to the issuance of the sanctioning order, with counsel specifically citing the *Radcliffe* decision (Docs. 246 at 4–5, 254 at 2 n.1, 265 at 7). The October 16 order disposed of the issue (at 16 n.4):

> Although they met the other Rule 11 procedural requirements, defendants failed to comply with the Rule 11 "safe harbor" provision. A motion for sanctions may not be filed until 21 days after it is served. FRCP 11(c)(1)(A). This 21-day period is "absolutely prerequisite" and sanctions cannot be imposed under a motion filed within 21 days after the motion was served, no matter how egregious the alleged misconduct. *Radcliffe v. Rainbow Const. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). Plaintiffs' counsel were correct to point out that defendants failed to provide proper notice to plaintiffs' counsel before filing their motion for monetary sanctions. The Court, however, can impose sanctions on its own initiative. FRCP 11(c)(1)(B). The Court in this case has issued an order to show cause and provided an opportunity for a hearing and even follow-up supplementation.

The sanctioned parties are merely repeating an argument that they have made at least three times in the past and that the October 16 order addressed. For the foregoing reasons, their motion for leave to file a motion for reconsideration is **DENIED**.

4

### B. CAN THE SANCTION AWARD BE PAID TO OPPOSING COUNSEL?

Attorney Hoffman raises an interesting question as to whether the sanction award should be paid to the district court rather than to defense counsel. Because, however, his memorandum represents "that Mr. Bonifaz will pay the sanction, [and therefore] this motion is not about the payment of a sanction award" (Br. 1 n.1), then there will be no need for Attorney Hoffman to make the payment. Attorney Collingsworth also states in his memorandum that "Mr. Bonifaz will not move for reconsideration and will abide by this Court's Order to pay the sanctions imposed, thereby accepting fully responsibility for the unfortunate situation which arose" (Br. 1). Attorney Bonifaz has not filed a motion for reconsideration. This aspect of the motion is entirely theoretical and likely to be moot in a few weeks (when the sanction award must be paid).

### C. ATTORNEY HOFFMAN'S REQUEST TO WITHDRAW AS COUNSEL.

Attorney Hoffman requests permission to withdraw from the case. He states that "he has never actively participated in the conduct of the case. He has no financial interest in the outcome of the case. He will not participate in any way in the trial of this case. If signing the initial complaint makes Attorney Hoffman potentially liable for problems in the case, he is still unaware of it and he should be permitted to withdraw from the case" (Br. 4).

Under Civil Local Rule 11-5(a), "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all parties who have appeared in the case." Until Attorney Hoffman provides notice to all of his clients with a translation and files a formal notice and fully completes his obligations under the sanctions order, any motion by him to withdraw is premature.

### CONCLUSION

For the foregoing reasons, the motions for leave to file motions for reconsideration are **DENIED**. Attorney Hoffman's request to withdraw as counsel is **DENIED** without prejudice to filing a proper motion.

**IT IS SO ORDERED.**

Dated: November 27, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5