1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   LUISA GONZALES, et al.,                    No. C 06-02820 WHA

11              Plaintiffs,

12      v.                                       **ORDER GRANTING**
                                                 **PLAINTIFFS' MOTION TO**
13   TEXACO, INC., TEXACO PETROLEUM              **REVIEW TAXATION OF COSTS**
     COMPANY, INC., and CHEVRON                  **AND VACATING HEARING**
14   CORPORATION,

15              Defendants.

16   _____/

17                                **INTRODUCTION**

18          In this environmental action, plaintiffs Luz Armas Cadena and Maria Cano Zambrano

19   move for an order relieving them from the obligation of pursuing costs pursuant to FRCP

20   54(d)(1) and the Clerk of the Court's taxation of costs. For the reasons stated below, the motion

21   is **GRANTED**.

22                                 **STATEMENT**

23          Plaintiffs Cadena and Zambrano in this action were two of nine people who allegedly

24   contracted cancer from Texaco/Chevron's oil-drilling operations in Ecuador. Earlier orders

25   granted summary judgment against most of the other plaintiffs, who never actually had the

26   cancer that they alleged existed. Plaintiffs' counsel were therefore sanctioned for bringing

27   baseless claims against defendants without reasonable and competent inquiry.

28          Unlike the other plaintiffs, plaintiffs Cadena and Zambrano had cancer, for all that it

appears. In November 2007, summary judgment was also granted against plaintiffs Cadena and

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

Zambrano because the applicable two-year statute of limitations period had expired before they commenced their action.  Defendants subsequently filed a bill of costs against plaintiffs and their counsel.  On March 12, 2008, the clerk of the court taxed costs against plaintiffs Cadena and Zambrano for $78,464,56 pursuant to Civil Local Rule 54-2(b).[1]

Plaintiffs now request that they be relieved from the obligation to pay costs due to their indigence.  Plaintiff Cadena testified at her May 2007 deposition that she was a homemaker and could not afford the cost of radiation treatment for her cancer (Johnson Decl. Exh. 1 at 211–14):

> Q: How have you paid for the X-rays and sonograms up to this point?
>
> A: The price or you mean how I got the money?
>
> Q: I'll clarify it.  How did you get the money to pay for your X-rays and sonograms at Eugenio Espejo Hospital up to this point?
>
> A: At home my children, who make very little, sometimes they help me a little bit.  They have their own family, their own children, so I collect very little in order to be able to come.  But it's not enough to get the radiation.

Similarly, Plaintiff Zambrano stated at her deposition that she too was a homemaker and did not have enough money to continue her treatment after she had surgery for cervical cancer (Johnson Decl. Exh. 2 at 412):

> Q: . . . Your understanding was you were going to be transferred from SOLCA Porto Viejo to SOLCA Guayaquil?
>
> A: Yes.
>
> Q: And did you ever go to SOLCA Guayaquil?
>
> A: No.
>
> Q: Why not?
>
> A: Because I no longer had money to do the treatment.

Plaintiffs filed the instant action on March 19, 2008.

---

[1] Civil Local Rule 54-2(b) provides: "Any objections filed under this Local Rule must contain a representation that counsel met and conferred in an effort to resolve disagreement about the taxable costs claimed in the bill, or that the objecting party made a good faith effort to arrange such a conference."

**United States District Court**
For the Northern District of California

**ANALYSIS**

According to FRCP 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party." Civil Local Rule 54-5 provides that "any motion for review of the Clerks' taxation of costs must be filed within 5 days of the entry of the notice of taxation of costs." Plaintiffs Cadena and Zambrano request an order relieving them from the obligation to pay costs.

Plaintiffs contend that an award of costs is inappropriate in this case because of their indigence. The Ninth Circuit has held that FRCP 54(d)(1) "vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). However, "[t]hat discretion is not unlimited. A district court must specify reasons for its refusal to award costs." *Ibid*. The Ninth Circuit has approved the following reason for refusing to award costs to a prevailing party: "the losing party's limited financial resources." *Id.* at 592. In *Stanley v. University of Southern California*, 178 F. 3d 1069, 1079 (9th Cir. 1999), the Ninth Circuit concluded that "the district court abused its discretion [when it denied a motion to re-tax costs], particularly based on the district court's failure to consider two factors: [the losing party's] indigency, and the chilling effect of imposing such high costs on future civil rights litigants."

Defendants oppose the motion on the grounds that plaintiffs' request is a "disguised, improper motion for reconsideration of the Court's order awarding costs" (Opp. 2). The arguments made in plaintiffs' motion to review taxation of costs were similar to that made in their objections to defendants' bill of costs — that the plaintiffs are indigent and that there was "considerable merit" to their claims (*see* Dkt. No. 338 and 344). Costs were nonetheless awarded over plaintiffs' objections. And now, defendants say, plaintiffs have essentially filed a motion for reconsideration without asking for the Court's leave to do so. Furthermore, defendants contend, an award of costs to defendants would not "chill" valid claims because there was never any "considerable merit" to plaintiffs' claims in the first place. Defendants never discussed plaintiffs' indigence.

3

In their reply, plaintiffs point out that their motion is not a repeat of its earlier objections to defendants' bill of costs. It was the *clerk* and not the *Court* that awarded costs, pursuant to FRCP 54(d) and Civil L. R. 54-4(a). This motion was therefore not an improper duplicate of its earlier objections; this is the first time plaintiffs request that the *Court* grant them relief from their cost obligations.

This order agrees with plaintiffs. The motion is not an improper motion for reconsideration. There was also more merit to the claims of plaintiffs Cadena and Zambrano; they actually had cancer, unlike the other plaintiffs. Moreover, defendants do not dispute (or even address) the fact that plaintiffs Cadena and Zambrano are indigent. Although defendants are entitled to costs, this order must consider plaintiffs' financial condition. Because plaintiffs have limited ability to earn more money and face financial difficulty in obtaining medical care for their illnesses, this order grants their request to be relieved from cost obligations.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to review taxation of costs is **GRANTED**. Because a hearing is unnecessary, the hearing set for April 24, 2008, is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 3, 2008.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

*United States District Court*
For the Northern District of California

4