**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 17 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUISA GONZALES; et al.,<br><br>              Plaintiffs,<br>and<br><br>TERRY COLLINGSWORTH,<br><br>              Appellant,<br>   v.<br><br>TEXACO INC.; et al.,<br><br>              Defendants - Appellees. | No. 07-17123<br><br>D.C. No. CV-06-02820-WHA<br><br><br>MEMORANDUM [*] |
| LUISA GONZALES; et al.,<br><br>              Plaintiffs,<br>and<br><br>PAUL L. HOFFMAN,<br><br>              Appellant,<br>   v.<br><br>TEXACO INC.; et al.,<br><br>              Defendants - Appellees. | No. 07-17124<br><br>D.C. No. CV-06-02820-WHA |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted May 15, 2009
San Francisco, California

Before: SCHROEDER and D.W. NELSON, Circuit Judges, and MARSHALL,[**] District Judge.

In these consolidated appeals, Appellants Terry Collingsworth and Paul L. Hoffman appeal the district court's order imposing sanctions under Federal Rule of Civil Procedure 11. In addition, Hoffman appeals the district court's denial of his motion for reconsideration of the sanctions order. We have jurisdiction over the appeals pursuant to 28 U.S.C. § 1291. We review the district court's Rule 11 sanctions order for abuse of discretion, and we vacate and remand so that the district court can reevaluate the imposition of sanctions in light of this decision. *Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005). We review the district court's denial of a motion for reconsideration for abuse of discretion, and we reverse. *Smith v. Pac. Props. and Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004).

---

[**] The Honorable Consuelo B. Marshall, United States District Judge for the Central District of California, sitting by designation.

The parties are familiar with the facts of this case, which are extensive. Therefore, we do not repeat them here, except as necessary to explain our decision. However, before we reach the merits of the appeals, we explain the basis of our jurisdiction to hear Collingsworth's appeal.

**I.    JURISDICTION**

The district court issued its order imposing Rule 11 sanctions on October 16, 2007. Collingsworth filed a Notice of Appeal of the district court's Rule 11 order on November 15, 2007. Although the district court entered final judgment on that same date, Collingsworth did not amend his Notice of Appeal to appeal from the subsequently entered judgment.[1]

Appellate jurisdiction is ordinarily limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291. Under the collateral order doctrine, the Supreme Court has allowed jurisdiction over certain types of collateral orders that do not end the litigation. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). Under this doctrine, we have held that an order imposing Rule 11 sanctions upon counsel, a nonparty, is final and appealable by the attorney sanctioned upon imposition of the sanction. *Triad Sys. Corp. v. Se. Express Co.*,

---

[1] In contrast, although Hoffman too filed a Notice of Appeal of the Rule 11 order, he amended his initial notice of appeal after the district court entered judgment, thereby avoiding any jurisdictional issue.

64 F.3d 1330, 1338-39 (9th Cir. 1995) (citations omitted). However, in *Cunningham v. Hamilton County, Ohio*, 527 U.S. 198, 210 (1999), the Supreme Court "effectively overruled earlier Ninth Circuit decisions allowing immediate appeal by attorneys from orders imposing sanctions" when the Court held that a sanctions order under Rule 37(a) against an attorney was not "final" for purposes of § 1291. *Stanley v. Woodford*, 449 F.3d 1060, 1063 (9th Cir. 2006).

In *Stanley*, we extended the Supreme Court's decision in *Cunningham* to appeals from sanctions imposed against attorneys under 28 U.S.C. § 1927 and the court's inherent powers. *Id*. at 1065. In extending the ruling of *Cunningham*, the *Stanley* court reasoned that the "policies undergirding Rule 37(a) sanctions are not relevantly different from those justifying sanctions under § 1927 or a court's inherent powers." *Id*. at 1064. Moreover, in *Stanley*, we recognized that we had "already expanded *Cunningham* beyond Rule 37(a)" to prohibit interlocutory appeals of orders imposing Rule 16(f) sanctions and granting attorney's fees as a condition of substituting counsel. *Id*. (discussing *Cato v. Fresno City*, 220 F.3d 1073, 1074 (9th Cir. 2000) and *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001)).

The rationale of *Cunningham* and *Stanley* equally apply here. Like sanctions imposed under Rule 37(a), § 1927, and the court's inherent power, Rule

4

11 sanctions "invoke[] concerns regarding finality, avoiding piecemeal appeals, and availability of effective appellate review." *See Stanley*, 449 F.3d at 1064. (citations omitted). Accordingly, Collingsworth's appeal is not an appeal from a final order, but, rather, is an interlocutory appeal.

Despite the foregoing, we have jurisdiction over Collingsworth's appeal pursuant to Federal Rule of Appellate Procedure 4(a)(2) and the "subsequent events" doctrine. Rule 4(a)(2) provides that "[a] notice of appeal filed after the court announces a decision or order -- but before the entry of the judgment or order -- is treated as filed on the date of and after the entry." The Supreme Court has held that Rule 4(a)(2) permits a notice of appeal from a non-final decision to operate as a notice of appeal from the final judgment "only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment." *FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276 (1991) (emphasis in original). In so holding, the *FirsTier* court stated in dicta that Rule 4(a)(2) does not permit "a notice of appeal from a clearly interlocutory decision -- such as a discovery ruling or a sanction order under Rule 11 . . . -- to serve as a notice of appeal from the final judgment." *Id*.

In cases decided after *FirsTier*, we have held that the subsequent events doctrine can cure a prematurely filed appeal of a clearly interlocutory order. *See,*

*e.g., Special Invs. Inc. v. Aero Air Inc.*, 360 F.3d 989, 993 (9th Cir. 2004) ("[A] prematurely filed notice of appeal can be cured if the rest of the claims are disposed of in a subsequent final decision terminating the litigation."); *Eastport Assocs. v. City of L.A.* (*In re Eastport Assocs.*), 935 F.2d 1071, 1075 (9th Cir. 1991) ("[T]he rule in this circuit [is] that once a final judgment is entered, an appeal from an order that otherwise would have been interlocutory is then appealable.")

We find *Cato v. Fresno City*, 220 F.3d 1073 (9th Cir. 2000) (per curiam) to be instructive. In *Cato*, we exercised jurisdiction over an appeal of a Rule 16(f) sanctions order that was filed prior to the entry of judgment. *See Cato*, 220 F.3d at 1074-75. In relying on the subsequent events doctrine, the court stated: "We take a pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purposes of the final judgment rule." *Id*. (internal quotations omitted).

Contrary to Appellees' arguments, *FirsTier* is not applicable to this case. Here, Collingsworth has filed an appeal of an interlocutory order. He is not, as the Supreme Court cautioned in *FirsTier*, attempting to use his notice of appeal of the sanctions order to serve as a notice of appeal of the final judgment dismissing the claims of three Plaintiffs. *Cf. FirsTier*, 498 U.S. at 276. Rather, he is appealing

the sanctions order itself and *FirsTier* does not bar the application of the "subsequent events" doctrine to his appeal.

The circumstances surrounding Collingsworth's Notice of Appeal support this court's exercise of jurisdiction pursuant to the subsequent events doctrine. Collingsworth filed his Notice of Appeal of the sanctions order on the same day the district court entered judgment. As a result, any defect in his appeal was cured almost instantly. Moreover, by the time Collingsworth appealed, the district court had already granted summary judgment in favor of Defendants and dismissed the three Plaintiffs' claims with prejudice. Thus, at the time the district court issued its sanctions order, all that was left to do with respect to the dismissed Plaintiffs' claims was the ministerial task of entering judgment. Accordingly, in keeping with the "pragmatic approach" adopted by this court, we find that we have jurisdiction to hear Collingsworth's appeal.

## II.    SANCTIONS ORDER

The sanctions order in this case followed the district court's order dismissing the claims of three Plaintiffs with prejudice after Defendants-Appellees alerted the district court that the Plaintiffs in question had fabricated their cancer claims. Shortly after the district court dismissed the claims, on August 9, 2007, Defendants moved for sanctions pursuant to the district court's inherent authority. Although

Defendants asserted that Plaintiffs' counsel had violated their Rule 11 duties, Defendants expressly based their request for attorneys' fees on the district court's inherent power.

On September 10, 2007, without ruling on Defendants' motion, the district court issued an order to show cause stating:

> Pursuant to FRCP 11(c)(1)(B),[2] Cristobal Bonifaz and all plaintiffs' counsel and their law firms (namely, Paul L. Hoffman and Terry Collingsworth) who signed any complaint or amended complaint herein are ordered to show cause why each counsel should not be sanctioned for the conduct set forth in defendants' pending FRCP 11 motion .... Said plaintiffs' counsel shall also respond to the alternate ground of sanction based on the inherent power of the Court.

On October 16, 2007, the district court sanctioned attorneys Bonifaz,[3] Collingsworth and Hoffman pursuant to Rule 11(c)(1)(B). In sanctioning the attorneys, the district court found that the cancer and cancer-related claims made

---

[2] Rule 11 was amended in 2007 "as a part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." FED.R.CIV.P. 11 advisory committee's note. As a result of the amendments, former Rule 11(c)(1)(B) is reflected in current Rule 11(c)(3) and former Rule 11(c)(1)(A) is reflected in current Rule 11(c)(2). Except in the "Conclusion," we reference the pre-2007 version of Rule 11, which was in effect at the time the district court entered its order.

[3] Bonifaz did not appeal the district court's sanctions order.

on behalf of the Plaintiffs in question "were baseless and made without reasonable and competent inquiry."

In *United Nat'l Ins. Co. v. R&D Latex Corp.*, we held that *sua sponte* Rule 11 sanctions "will ordinarily be imposed only in situations that are *akin to a contempt of court*." 242 F.3d 1102, 1116 (9th Cir. 2001) (quoting *Barber v. Miller,* 146 F.3d 707, 711 (9th Cir. 1998)) (emphasis in original). Therefore, prior to imposing court-initiated sanctions, the district court is required to determine whether counsel's conduct is "akin to contempt." *See id.* at 1118 (reversing district court's *sua sponte* sanctions order where counsel's conduct was "in neither purpose nor substance 'akin to contempt.'")

Here, the district court applied a "reasonableness" standard, which is the appropriate standard for party-initiated, but not court-initiated, Rule 11 sanctions. Therefore, the district court abused its discretion in failing to apply the "akin to contempt" standard established by this court for court-initiated Rule 11 sanctions, and we remand so that the district court may consider whether Collingsworth's and Hoffman's conduct was akin to contempt. *See id*. at 1116.

### III.   MOTION FOR RECONSIDERATION

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered

9

evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). As discussed above, district courts are required to apply the "akin to contempt" standard prior to imposing Rule 11 sanctions *sua sponte*. In denying Hoffman's motion for reconsideration, the district court did not consider Hoffman's arguments that an "akin to contempt" standard applied in this case. Accordingly, we find that the district court abused its discretion in denying the motion because its denial was based upon a "clearly erroneous" view of the law. *McDowell v. Calderon*, 197 F.3d 1253, 1255 & n.4 (9th Cir. 1999) (per curiam).

## IV.   CONCLUSION

We close with the following guidance for the district court with respect to the nature of the sanctions award. Under Rule 11, a district court is not permitted to impose Rule 11 sanctions payable to a party (*e.g.*, in the form of reasonable attorneys' fees) on the basis of a *sua sponte* show cause order. *See* FED.R.CIV.P. 11(c)(4) ("The sanction may include nonmonetary directives; an order to pay a penalty into court; or, *if imposed on motion* . . . , an order directing payment to the movant of part or all of the reasonable attorney's fees. . . .) (emphasis added); *Barber,* 146 F.3d at 711 (noting that "a monetary sanction imposed after a court-initiated show cause order [must] be limited to a penalty payable to the court")

(quoting FED.R.CIV.P. 11 advisory committee's note). Accordingly, any Rule 11 monetary sanction imposed pursuant to the court's initiative must be in the form of a penalty payable to the court. *See Barber*, 146 F.3d 711.

**VACATED IN PART, REVERSED IN PART, AND REMANDED.**