IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUISA GONZALEZ, et al., | |
| Plaintiffs, | No. C 06-02820 WHA |
| v. | |
| TEXACO, INC., TEXACO PETROLEUM COMPANY, INC., CHEVRON CORPORATION, | No. C 09-5371 EMC |
| Defendants. | **ORDER THAT ACTIONS ARE NOT DEEMED RELATED** |
| CHEVRON CORPORATION, | |
| Plaintiff, | |
| v. | |
| CRISTOBAL BONIFAZ and THE LAW OFFICES OF CRISTOBAL BONIFAZ, | |
| Defendants. | |

Whether these cases are related is the issue. Attorney Bonifaz has paid his Rule 11 sanction in the *Gonzales* case. As to him, *Gonzales* is over. Chevron's new action, while invoking the same underlying misconduct, alleges a much broader scheme by Attorney Bonifaz, a universe not previously part of the *Gonzales* misconduct by Attorney Bonifaz. Chevron seeks to go so far as to sue for Attorney Bonifaz's succeeding in obtaining legislation in Ecuador to "circumvent" a prior settlement and asking the government in that country to seek "sham

indictments" against signatories to the prior settlement, circumstances never having been part of *Gonzales*. The overlap is small. There will be no substantial saving of judicial resources in relating these cases. The tail would have to wag the dog to deem these cases related. It does not matter that as to two other attorneys in the first case there is some unfinished business, for that work will all relate solely to the original misconduct, not the broader scheme alleged in the new case. Therefore, this order holds that the two actions should *not* be deemed related.

**IT IS SO ORDERED.**

Dated: November 30, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2