IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LUISA GONZALEZ, et al.,

    Plaintiffs,

  v.

TEXACO, INC., TEXACO PETROLEUM COMPANY, INC., CHEVRON CORPORATION,

    Defendants.

No. C 06-02820 WHA

**ORDER DECLINING TO IMPOSE ADDITIONAL SANCTIONS FOR ATTORNEYS' UNREASONABLE AND INCOMPETENT ACTIONS**

On its own initiative pursuant to Federal Rule of Civil Procedure 11, the Court imposed sanctions against Attorneys Cristobal Bonifaz, Paul Hoffman and Terry Collingsworth for signing pleadings in this action without first doing reasonable and competent investigation. The court of appeals vacated the sanctions against Attorneys Hoffman and Collingsworth and held that in order to impose sanctions *sua sponte* pursuant to Rule 11, it must be found that their conduct was "akin to contempt." It remanded for consideration of whether their actions met that heightened standard.

Every incarnation of the complaint in this action — including the original complaint signed by Attorney Hoffman and the two amended complaints signed by Attorney Collingsworth — alleged that plaintiffs Gloria Chamba, Nixon Rodriguez and Luisa Gonzales contracted cancer (or represented a family member who had contracted cancer) due to exposure to pollution resulting from the Ecuadorian oil operations of defendants Texaco Inc., Texaco Petroleum Company, Inc., and Chevron Corporation. Depositions of these three plaintiffs eventually revealed that these claims were completely false. In fact, neither they nor their family members had cancer or had ever been diagnosed with cancer. Plaintiffs were not even

aware that a lawsuit had been filed in their names in the United States and none of them had specifically authorized such a suit. Plaintiffs' counsel failed to reasonably and competently investigate whether these plaintiffs actually had cancer or had authorized legal action in the United States before filing suit. It may well be that malefactors of society should be sued for their wrongs but not even a malefactor should be sued on a totally baseless theory.

Attorneys Hoffman and Collingsworth let the Court and our system down by prosecuting this meritless case without adequate care. Inasmuch as more than this has now been required by the Ninth Circuit, it is simply too problematic to say that their conduct was "akin to contempt." Attorney Bonifaz was the principal wrongdoer and the most blameworthy for the conduct by plaintiffs' team. He has paid the sanction imposed on him for his actions and has accepted primary responsibility for the wrongdoing. Accordingly, no further sanction will be imposed by the Court on Attorneys Hoffman and Collingsworth.

**IT IS SO ORDERED.**

Dated: December 21, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE